IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19 CR 568 SNLJ (JMB) |
| SHON SANDERS | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS SEIZED ON JUNE 19, 2019

Comes now Defendant Shon Sanders ("Sanders"), through his attorney, Brocca Morrison, Assistant Federal Public Defender, and respectfully requests the Court enter an order suppressing the evidence seized and statements made as a result of Sanders' detention and arrest on June 19, 2019.

The items seized and the statements made by Sanders are delineated below. The search was unconstitutional. Therefore, any evidence obtained as a result of the stop and search must be suppressed. In support of this motion, Mr. Thompson states:

*Facts*

On June 19, 2019, according to the incident report provided, St. Louis City police officers received a radio assignment relative to a "suspicious person" called in by the United States Probation Office. The call identified Sanders as being in the area of Shreve and Bessie

near a white Buick Lacrosse with tinted windows and expired temporary license plate tags. The officers were told Sanders was wearing a blue shirt and blue jeans.

They went to area and observed a vehicle matching the description. After 20 minutes of surveillance, they saw Sanders get into the car and followed him briefly before determining the license plate tags were expired. They activated their lights and stopped the car. Sanders provided his driver's license and the officers determined there was an active arrest warrant for him for violating his Federal Supervised Release. He was asked to get out of the vehicle and arrested.  He was searched and the officers seized $2,366.05. According to officers, he then consented to a search of vehicle and officers found empty capsules and plastic bags which prompted them to bring in a dog to sniff the center console and trunk. According to the report, there was a positive hit on both. Officers then searched further—finding a scale, a little glass container with residue on it, and a black handgun. When questioned at the scene, Sanders stated he was a drug user not a dealer. He later gave a statement at the police station indicating the firearm was his.

Some of the facts reported by the police are disputed by Sanders. An evidentiary hearing will provide further facts for the Court.

*Argument*

**A.  Motion to Suppress**

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Constitution, Amend. IV. "This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to

2

dispose of his secret affairs." *Terry v. Ohio*, 392 U.S. at 9. A police officer may stop and briefly question a person if the officer has a reasonable articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). After making a lawful *Terry* stop, an officer may conduct an investigation reasonably related in scope to the circumstances which justified the interference in the first place. *Id.* at 20.

Under the Fourth Amendment, a traffic stop is reasonable if it supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006). An officer may conduct checks unrelated to a traffic stop, but he may not do so in a manner that prolongs the stop. *Rodriguez v. United States*, 135 S.Ct. 1609 (2015).

In this case, Sanders was allegedly operating a vehicle with expired tags and had a warrant out for his arrest. However, even if the officers had the initial reasonable suspicion to justify a *Terry* stop of Sanders to detain him or probable cause to arrest him, they did not have reason to search his vehicle without a search warrant. Therefore, there was no constitutional justification for searching the vehicle. The scope of the search was unreasonable under the Fourth and Fourteenth Amendments of the United States Constitution and *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L.Ed.2d 685 (1969).

The statements made by Sanders were the product of the illegal detention and search and seizure and should be excluded as evidence. *Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREFORE, because the St. Louis Metropolitan Police Department officers searched the vehicle without a warrant, and their search did not fall within any recognized exception

permitting a warrantless search, the evidence seized and any simultaneous and subsequent statements made by Sanders, should be declared inadmissible evidence for purposes of trial.

Respectfully submitted,

/s/Brocca Morrison
BROCCA MORRISON
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Brocca_Morrison@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Thomas Rea, Assistant United States Attorney.

/s/Brocca Morrison
BROCCA MORRISON
Assistant Federal Public Defender